**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| D'AMBARA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01591-AGF |
| | ) | |
| FRIENDSHIP VILLAGE OF SOUTH COUNTY, d/b/a FRIENDSHIP VILLAGE OF SUNSET HILLS., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff D'Ambara Wilson's motion for leave to proceed *in forma pauperis* in this action under the Americans with Disabilities Act of 1990 (ADA). ECF No. 2. Upon careful consideration of the motion and the financial information provided therein, the Court finds that Plaintiff is unable to pay the filing fee and will grant Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

As Plaintiff is now proceeding *in forma pauperis*, the Court is required to review the pleadings under 28 U.S.C. § 1915(e)(2) and must dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519,

520 (1972).

Briefly, Plaintiff brings this action under the ADA, 42 U.S.C. § 12112(a), alleging that her former employer, Defendant Friendship Village of South County, discriminated against her by denying her a temporary leave of absence to reasonably accommodate her anxiety disorder. To establish this type of a disability discrimination claim, a plaintiff must show that: "(1) [her employer] knew that she was disabled; (2) she requested an accommodation; (3) [her employer] failed to engage in a flexible and informal interactive process with her about possible accommodations; and (4) her disability could have been reasonably accommodated had the interactive process taken place." *Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 941 (8th Cir. 2019) (citations omitted).

Here, Plaintiff sets forth factual allegations plausibly establishing these elements. Additionally, Plaintiff avers she filed two Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) to assert the same claims alleged in her complaint. Plaintiff has provided copies of the 'Determination and Notice of Rights' letters which were issued by the EEOC on August 28, 2026 and September 17, 2026, respectively, giving her 90 days in which to file a lawsuit under federal law. Plaintiff filed this action on October 2, 2026. Accordingly, based upon Plaintiff's allegations and the record before the Court, it appears that this action is timely and that Plaintiff has exhausted administrative remedies. The Court will allow this case to proceed against Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma*

*pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FINALLY ORDERED** that the Clerk of Court shall issue process or cause process to issue on Plaintiff's complaint by serving Defendant Friendship Village of South County, via its designated agent, Jeffery Kinger, 12563 Village Circle Drive, St. Louis, MO 63127.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2026.